

FILED

05/17/2017

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 7, 2017

**HENRY BATES v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 10-02856     James C. Beasley, Jr., Judge**

_____

**No. W2016-00571-CCA-R3-PC**

_____

The petitioner, Henry Bates, was convicted by a Shelby County jury of aggravated robbery, burglary of a building, and vandalism of $1000 or more, for which he received an effective sentence of forty-two years' imprisonment. He now appeals the post-conviction court's denial of relief arguing that trial counsel was ineffective in failing to present an alibi witness at trial. Upon our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and J. ROSS DYER, JJ., joined.

Monica A. Timmerman, Bartlett, Tennessee, for the Defendant-Appellant, Henry Bates.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel; Amy P. Weirich, District Attorney General; and Stacy McEndree, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

In the early morning hours of July 29, 2009, a white pick-up truck crashed into the front window of a Mapco Express in Memphis, Tennessee. The impact shook the building and dislodged the drink machine and the ATM. Two of three men jumped out of the truck, ran inside the store, and yelled, "Don't move, you won't get shot." One of the men, later identified by the store clerk as the petitioner, grabbed the ATM, put it in the bed of the truck, and they left. The petitioner had a pair of pantyhose over his head, but they were loose and did not disguise his appearance. State v. Henry Bates, No. W2012-02718-CCA-R3-CD, 2014 WL 823402, at *1-2 (Tenn. Crim. App. Feb. 28, 2014). As a result, the petitioner was subsequently charged and convicted of aggravated

robbery, burglary of a building, and vandalism of $1000 or more. He received an effective sentence of forty-two years' imprisonment. This court affirmed his convictions and sentence on direct appeal, and the Tennessee Supreme Court denied the petitioner's application to appeal on June 24, 2014. Id. On September 23, 2014, the petitioner filed a pro se petition seeking post-conviction relief and the appointment of counsel. On October 1, 2014, the post-conviction court appointed post-conviction counsel, and on February 20, 2015, an amended petition for post-conviction relief was filed.

The following proof was adduced at the January 8, 2016 post-conviction hearing. At the time of the hearing, Emma Jones had been romantically involved with the petitioner "on and off" over a twelve-year period. She testified that she was with the petitioner on the night of July 29, 2009. She said she remembered that night, five and a half years prior to the hearing, because it was her birthday. She stated

> We got together around 6:00 p.m., that evening, and we had went out. And after we, you know, stayed out for a certain amount of time, he came over my house and he did stay all night until the next morning.

Jones, her sister, and the petitioner went to "Little Box" café, ate, danced, talked, had fun, and then went back to Jones's place around midnight. She said the petitioner slept in her bed that night and was there the next morning. Jones did not know the petitioner had been arrested for the instant offenses until two-weeks after her birthday. She said his relatives told her about the charges. She also testified that she was never contacted by trial counsel to testify at trial as an alibi witness.

The petitioner testified that he was innocent of the convictions in the instant case. He claimed he told trial counsel that he was with Jones on the night of the offense, and trial counsel said he would contact her. He recalled being with Jones on July 29, and said they went out to celebrate her birthday. He denied being present at the Mapco, and stated that he "knew of" Deljuan Williams, but "didn't just know him." He denied being present at Williams's auto shop where the ATM was taken after the robbery and cut open. He said he gave Jones's name to trial counsel and that his defense hinged on her trial testimony. As his trial date approached, the petitioner asked trial counsel about Jones, and trial counsel did not explain why she had not appeared.[1] Upon being asked by the post-conviction court if the petitioner told Jones to come and talk to trial counsel, the petitioner replied, "No, I never did." Asked why, the petitioner replied, "I thought he would get in touch with her."

---

[1] Reference was also made to an affidavit, which was apparently admitted as an exhibit to the post-conviction hearing. However, there is no affidavit in the post-conviction record on appeal.

Trial counsel, an attorney with the Shelby County Public Defender's Office for over twenty years, testified that he was assigned the petitioner's case and investigated all of the information he was given. He did not recall being advised about Jones as an alibi witness. Significantly, trial counsel testified that "the clerk went into work the evening of the 28th around 10:00 I think. And the truck smashed into the store sometime in the early morning hours like 2:00 or something of that nature." Even if trial counsel had been given Jones's information, he did not believe her testimony would have made a difference in the petitioner's case because the police responded to the robbery at 2:45 a.m., or in the early morning hours on July 29. Trial counsel's defense theory was twofold: (1) he challenged the store clerk's identification of the petitioner because, in his view, the video showed the perpetrators face was obstructed; and (2) Deljuan Williams was committing a crime when he cut open the ATM and was attempting to save himself by casting blame on the petitioner.

The post-conviction court denied relief by order on February 4, 2016, and the petitioner timely appealed.

## ANALYSIS

The sole issue presented for our review is whether the post-conviction court erred in denying post-conviction relief based on trial counsel's failure to call Jones as an alibi witness at trial.[2] The State contends, and we agree, that the post-conviction court properly denied relief.

In reaching our conclusion, we are guided by the following well-established law pertaining to post-conviction relief. Post-conviction relief is only warranted when a petitioner establishes that his or her conviction or sentence is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103. The Tennessee Supreme Court has held:

> A post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. When reviewing factual issues, the appellate court will not re-weigh or re-evaluate the evidence; moreover, factual questions involving the credibility of witnesses or the weight of their testimony are matters for the trial court to resolve. The appellate court's review of a legal issue, or of a mixed question of law or fact such as

---

[2] Several other issues were raised in the petitioner's pro se petition, incorporated into the amended petition, and addressed at the hearing. However, none of those issues are raised on appeal; therefore, they are waived.

a claim of ineffective assistance of counsel, is de novo with no presumption of correctness.

Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006) (internal citations and quotation marks omitted); see Felts v. State, 354 S.W.3d 266, 276 (Tenn. 2011); Frazier v. State, 303 S.W.3d 674, 679 (Tenn. 2010). A post-conviction petitioner has the burden of proving the factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); Tenn. Sup. Ct. R. 28, § 8(D)(1); Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). Evidence is considered clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from it. Lane v. State, 316 S.W.3d 555, 562 (Tenn. 2010); Grindstaff v. State, 297 S.W.3d 208, 216 (Tenn. 2009); Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced the defense. Vaughn, 202 S.W.3d at 116 (citing Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975); Strickland v. Washington, 466 U.S. 668, 687 (1984)). A petitioner successfully demonstrates deficient performance when the petitioner establishes that his attorney's conduct fell "below an objective standard of reasonableness under prevailing professional norms." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland, 466 U.S. at 688; Baxter, 523 S.W.2d at 936). Prejudice arising therefrom is demonstrated once the petitioner establishes "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. at 370 (quoting Strickland, 466 U.S. at 694). Moreover,

> [b]ecause a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

Id. at 370 (citing Strickland, 466 U.S. at 697).

Here, the petitioner alleged that he told trial counsel that he had an alibi witness, Jones, before he went to trial. At the post-conviction hearing, Jones testified that she was with the petitioner on the night of July 29 and into the early morning of July 30. However, trial counsel testified that he was not advised of an alibi offense in this case. Most importantly, trial counsel noted that even if he had been so advised, it would not have made a difference in the petitioner's case because the offense actually occurred on July 28, the day before Jones said she celebrated her birthday with the petitioner. Trial

- 4 -

counsel said the police responded to the robbery at 2:45 a.m., on the morning of July 29. In its oral findings of fact, the post-conviction court determined that trial counsel was never made aware of Jones as an alibi witness. The court continued,

> Because based upon his experience as a trial lawyer, which he's got quite a few years trial experience in front of this Court, knowing as I've pointed out the status of the identification and the State's case in this particular case, if he were aware of an alibi witness, I can't envision why he would not explore that or put that kind of a witness on or at least investigate it and then come in and say you know it didn't hold water.

The post-conviction court further accredited the testimony of trial counsel and determined that the testimony of Jones and the petitioner was unbelievable. The record does not preponderate against the findings of the post-conviction court. Accordingly, the petitioner has failed to establish deficient performance or prejudice to his case as a result. He is not entitled to relief.

## CONCLUSION

Based on the above reasoning and analysis, the judgment of the post-conviction court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE

- 5 -